UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CHRISTOPHER S. JOHNSON, | ) | CASE NO. C07-0968-RSM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| KENNETH QUINN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Plaintiff is a Washington state prisoner who has submitted a proposed petition for a writ of habeas corpus ("petition") and an application to proceed *in forma pauperis* ("IFP application"). Plaintiff attempts to challenge, through the petition, actions by the Washington Department of Corrections that have resulted in petitioner's involuntary transfer to a mental health facility. For the reasons set forth below, the Court recommends that the petition be construed as a civil rights complaint pursuant to 42 U.S.C. § 1983 and, so construed, be dismissed under the "three strikes" rule, 42 U.S.C. § 1915(g).

1. Construction of Petition

The Supreme Court has described the difference between a habeas petition and a § 1983

REPORT AND RECOMMENDATION
PAGE -1

action as follows: "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill v. McDonough*, 126 S. Ct. 2096, 2101 (2006) (citations and internal quotations omitted).

Petitioner admits that he is not challenging his conviction or sentence. (Proposed Petition at 1, 12). Rather, he lists three grounds for relief in his petition, all of which relate to his transfer from a prison or jail to a mental health facility. Petitioner appears to contend that he was entitled to a hearing before being so transferred and that he did not have one.

Petitioner thus does not challenge "the lawfulness of [his] confinement" or the "particulars affecting its duration." 126 S. Ct. at 2101. Rather, he disputes the "circumstances" of his confinement, *i.e.*, his placement in a mental health facility. *Id.* Accordingly, his petition should be construed as a complaint submitted pursuant to 42 U.S.C. § 1983.

2. <u>Dismissal of Complaint Under "Three Strikes" Rule</u>

Plaintiff's IFP application shows that he is indigent and he therefore meets the financial requirement for IFP status. However, his application is barred by the "three strikes" rule, which provides that a prisoner may not be granted IFP status "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION
PAGE -2

A review of petitioner's prior litigation in this Court reveals that he has had at least three cases dismissed on the grounds mentioned in § 1915(g), and therefore may proceed here only if he shows that he is in imminent danger of serious physical injury.[1]  Petitioner does not allege, much less show, that he is in such danger.  Accordingly, petitioner's IFP application should be denied and this action should be dismissed without prejudice.  A proposed Order is attached.

DATED this 25th day of June, 2007.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

---

[1] Three of petitioner's cases which have been dismissed for the reasons cited in § 1915(g) are: *Johnson v. Phipps, et al.*, Case No. C04-5190-RJB, *Johnson v. Washington Dep't of Corrections, et al.*, Case No. C05-5086-RBL, and *Johnson v. Reichert, et al.*, Case No. C02-674-JCC.  For an analysis of these cases, *see Johnson v. Vail*, Case No. C05-748-MJP (Order issued June 3, 2005).